OPINION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Sandusky Municipal Court wherein appellant, Lonnie P. Burghardt, was convicted of driving while under the influence of alcohol, a violation of R.C. 4511.19(A)(3). Appellant asserts the following assignments of error:
 "I. THE TRIAL COURT ERRED WHEN IT IMPROPERLY DENIED DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED FROM AN ILLEGAL STOP.
 II. THE TRIAL COURT ERRED WHEN IT IMPROPERLY DENIED DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED AFTER THE REASON FOR THE TRAFFIC STOP CEASED.
 III. THE TRIAL COURT ERRED IN ACCEPTING RESULTS OF A BREATHALYSER TESTING WITHOUT EVIDENCE OF RELIABILITY AND WITHOUT PROPER FOUNDATION FOR ADMISSION."
A suppression hearing commenced on June 19, 1998. Officer Greg Armstrong of the Sandusky Police Department testified that he was on duty the evening of August 28, 1997 when he saw a car approaching with its high beam lights on. Officer Armstrong testified he signaled the car with his own lights in an attempt to get the other driver to dim the high beams but the driver did not respond. Officer Armstrong then decided to stop the car. As he approached the driver's side, Officer Armstrong noticed that the driver was not wearing a seat belt. Officer Armstrong advised the driver, appellant, that he had stopped him for failing to dim his high beam lights. When asked about the seat belt, appellant told Officer Armstrong that he never wears one. Officer Armstrong testified that during his conversation with appellant, he noticed that appellant's eyes appeared glassy and bloodshot. Officer Armstrong also testified he could smell alcohol on appellant. Appellant admitted to having two drinks. Based on his observations, Officer Armstrong asked appellant to perform some field sobriety tests. Appellant agreed. After appellant failed to keep his balance during the tests, he was placed under arrest.
Appellant's first two assignments of error will be considered together. Appellant contends the initial stop of his vehicle and his subsequent detention was illegal.
In examining a trial court's ruling on a motion to suppress, a reviewing court must keep in mind that weighing the evidence and determining the credibility of witnesses are functions of the trier of fact. State v. DePew (1988), 38 Ohio St.3d 275,State v. Fanning (1982), 1 Ohio St.3d 19. Where there is substantial evidence to support the factual findings of the trial court, its ruling will not be disturbed absent an error of law. DePew, supra.
Where a police officer has a reasonable and articulable suspicion of criminal activity, the officer may make a brief, investigative stop. Terry v. Ohio(1968), 392 U.S. 1,20 L.Ed.2d 889, 88 S. Ct. 1868. To justify a stop under Terry, an officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. State v. Williams (1990),51 Ohio St.3d 58. In the context of a traffic stop, the police officer must have reasonable and articulable suspicion that the motorist is operating a vehicle in violation of the law. Delawarev. Prouse(1979), 440 U.S. 648, 59 L.Ed.2d 660, 99 S. Ct. 1391.
Probable cause for arrest exists when there are facts and circumstances within police knowledge, of which the police had reasonable trustworthy information sufficient to warrant a prudent man in believing that a crime or offense had been committed and that the person to be arrested probably committed it. See Beck v.Ohio (1964), 379 U.S. 89.
Appellant's failure to dim his lights when approaching the officer's car was a violation of R.C. 4513.15 which requires that a driver "use a distribution of light, or composite beam, so aimed that the glaring rays are not projected into the eyes of the oncoming driver." In that Officer Armstrong witnessed this violation, he had more than a reasonable and articulable suspicion to stop appellant. Officer Armstrong testified that as soon as he began speaking to appellant, he noticed the indicia of alcohol consumption. At this point, Officer Armstrong was justified in further detaining appellant based on his reasonable, articulable suspicion that appellant was driving under the influence of alcohol. Once appellant failed the sobriety tests, Officer Armstrong had probable cause to arrest appellant for driving while under the influence of alcohol. Accordingly, appellant's first two assignments of error are found not well-taken.
In his third assignment of error, appellant contends the trial court erred in admitting the results of appellant's breathalyzer test when the state failed to establish the reliability of the results and set a proper foundation for the admission.
A motion to suppress "must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and court on notice of the issues to be decided." Statev. Schindler (1994), 70 Ohio St.3d 54, at 58. In State v. French
(1995), 72 Ohio St.3d 446, the Ohio Supreme Court held that "a defendant who does not object to the admissibility of a breath-alcohol test through a pretrial motion to suppress on the basis of a failure by the state to comply with Ohio Department of Health regulations may not object to the admissibility of the test results at trial on those grounds." Id. at 449.
Appellant, in his motion to suppress, provided no basis for suppressing his breathalyzer test result. Appellant merely stated that "[D]efendant's blood alcohol or breath alcohol test results * * * would not or may not, be admissible for any purpose * * *." In that appellant failed to state his objection to the breathalyzer result with sufficient particularity the state was not on notice as to the issues to be decided. We conclude that the court did not err in failing to suppress the breathalyzer test result. See Cuyahoga Falls v. Stephenson (June 18, 1997), Summit App. No. 18011, unreported. Appellant's third assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Sandusky Municipal Court is affirmed. Costs assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J. JUDGE
Richard W. Knepper, J. JUDGE
Mark L. Pietrykowski, J. JUDGE
CONCUR.