THE STATE OF OHIO, APPELLANT, *v.* FRENCH, APPELLEE.

[Cite as *State v. French* (1995), 72 Ohio St.3d 446.]

(No. 94-67—Submitted February 7, 1995—Decided July 5, 1995.)

448

*Michael F. Sheils,* Chief Prosecuting Attorney, and *Kathryn A. Reckley,* Assistant Prosecuting Attorney, for appellant.

*James D. Marshall,* Clark County Assistant Public Defender, for appellee.

*Betty D. Montgomery,* Attorney General, *Richard A. Cordray,* State Solicitor, and *Simon B. Karas,* Deputy Chief Counsel, urging reversal for *amicus curiae,* Ohio Attorney General.

MOYER, C.J.  The issue certified to this court by the Second District Court of Appeals is "whether a challenge to the results of a breath alcohol test on the basis of failure to comply with regulations of the Ohio Department of Health may be raised by a criminal defendant in the form of an objection to the admissibility of that test result during the course of trial, when the defendant has not moved to

suppress the test result upon that ground before trial." For the reasons that follow, we hold that a defendant who does not object to the admissibility of a breath-alcohol test through a pretrial motion to suppress on the basis of a failure by the state to comply with Ohio Department of Health regulations may not object to the admissibility of the test results at trial on those grounds.

Crim.R. 12(B), which addresses pretrial motions, provides:

"(B) Pretrial Motions. Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. The following must be raised before trial:

" * * *

"(3) Motions to suppress evidence * * * on the ground that it was illegally obtained. * * * "

The purpose and effect of a motion to suppress and a motion *in limine* are distinct. A "motion to suppress" is defined as a "[d]evice used to eliminate from the trial of a criminal case evidence which has been secured illegally, generally in violation of the Fourth Amendment (search and seizure), the Fifth Amendment (privilege against self incrimination), or the Sixth Amendment (right to assistance of counsel, right of confrontation etc.), of U.S. Constitution." Black's Law Dictionary (6 Ed.1990) 1014. Thus, a motion to suppress is the proper vehicle for raising constitutional challenges based on the exclusionary rule first enunciated by the United States Supreme Court in *Weeks v. United States* (1914), 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, and made applicable to the states in *Mapp v. Ohio* (1961), 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. Further, this court has held that the exclusionary rule will not ordinarily be applied to suppress evidence which is the product of police conduct that violates a statute but falls short of a constitutional violation, unless specifically required by the legislature. *Kettering v. Hollen* (1980), 64 Ohio St.2d 232, 235, 18 O.O.3d 435, 437, 416 N.E.2d 598, 600. An important characteristic of a motion to suppress is that finality attaches so that the ruling of the court at the suppression hearing prevails at trial and is, therefore, automatically appealable by the state. R.C. 2945.67(A); Crim.R. 12(J); see, also, *State v. Davidson* (1985), 17 Ohio St.3d 132, 17 OBR 277, 477 N.E.2d 1141.

A "motion *in limine* " is defined as "[a] pretrial motion requesting [the] court to prohibit opposing counsel from referring to or offering evidence on matters so highly prejudicial to [the] moving party that curative instructions cannot prevent [a] predispositional effect on [the] jury." Black's Law Dictionary, *supra*, at 1013. The purpose of a motion *in limine* "is to avoid injection into [the] trial of matters which are irrelevant, inadmissible and prejudicial[,] and granting of [the] motion is not a ruling on evidence and, where properly drawn, granting of [the] motion

cannot be error." *Id.* at 1013–1014. See *State v. Maurer* (1984), 15 Ohio St.3d 239, 259, 15 OBR 379, 396, 473 N.E.2d 768, 787.

A ruling on a motion *in limine* reflects the court's anticipated treatment of an evidentiary issue at trial and, as such, is a tentative, interlocutory, precautionary ruling. Thus, "the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Finality does not attach when the motion is granted." *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 4, 573 N.E.2d 32, 35, citing *State v. Grubb* (1986), 28 Ohio St.3d 199, 201–202, 28 OBR 285, 288, 503 N.E.2d 142, 145.

Confusion and inaccuracy may arise, however, because a motion *in limine* may be used in two ways. It may be used as a preliminary means of raising objections to *evidentiary issues* to prevent prejudicial questions and statements until the admissibility of the questionable evidence can be determined outside the presence of the jury. It may also be used as the *functional equivalent* of a motion to suppress evidence that is either not competent or improper due to some unusual circumstance not rising to the level of a constitutional violation. Palmer, Ohio Rules of Evidence, Rules Manual (1984) 446, cited in *State v. Maurer, supra,* 15 Ohio St.3d at 259, 15 OBR at 396–397, 473 N.E.2d at 787, fn. 14.

It is true that a subtle distinction exists between the exclusionary rule, which is relied upon when evidence is improperly seized, and the Rules of Evidence, which generally apply to procedural questions concerning the admissibility of evidence at trial. Moreover, challenges to the admissibility of chemical test results on the basis of noncompliance with Department of Health testing regulations do not present a question of constitutional magnitude. However, "[t]he traditional distinction between a motion to suppress based upon a constitutional challenge and a motion in limine does not work as a bright-line rule where the motion to suppress is directed to breathalyzer test results based on a failure to comply with ODH regulations." *Defiance v. Kretz, supra,* 60 Ohio St.3d at 4, 573 N.E.2d at 35.

In holding at the syllabus that "[a] motion to suppress is a proper pretrial procedure for challenging breathalyzer test results when the defendant is charged with a violation of R.C. 4511.19(A)(3)," the *Kretz* court noted that the intent of the Rules of Criminal Procedure "is to determine matters before trial when possible."[1] *Id.* at 4, 573 N.E.2d at 34. This policy "applies not only to constitutional issues but also to non-constitutional claims capable of determination

---

1. Crim.R. 1(B) provides that "[t]hese rules are intended to provide for the just determination of every criminal proceeding. They shall be construed and applied to secure the fair, impartial, speedy, and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable expense and delay."

without a trial on the general merits." *State v. Ulis* (1992), 65 Ohio St.3d 83, 85, 600 N.E.2d 1040, 1041–1042.

It is well established that in a charge of violating R.C. 4511.19(A)(2) through (4) "[t]he accuracy of the test results is a critical issue in determining a defendant's guilt or innocence." *Kretz, supra*, 60 Ohio St.3d at 3, 573 N.E.2d at 34. Although the admissibility of test results turns on substantial compliance with ODH regulations rather than compliance with the Constitution, this court determined in *Kretz* and *Ulis* that a ruling on a motion to suppress challenging the admissibility of a BAC test is not a preliminary ruling on an evidentiary matter. Rather, pursuant to Crim.R. 12(B)(3), challenges to the state's compliance with statutory and ODH regulations in a charge under R.C. 4511.19(A)(2) through (4) must be made in a pretrial motion to suppress, or such challenges are considered waived.

The reasoning behind this court's decisions in *Kretz* and *Ulis* causes us to conclude that a challenge to the compliance with ODH regulations in a charge under R.C. 4511.19(A)(1) is no different. Although the test results, if probative, are merely an additional factor to be considered along with all other evidence of impaired driving in a prosecution for this offense, *Newark v. Lucas* (1988), 40 Ohio St.3d 100, 104, 532 N.E.2d 130, 134, the procedures used to obtain the test results are the same, as are the requirements for its admissibility.[2] Thus, in the context of R.C. 4511.19, a motion to suppress on grounds that the evidence was "illegally obtained" encompasses both constitutional and statutory violations. The policy of early determination applies equally, as does the mandatory language of Crim.R. 12(B)(3).

Therefore, because Crim.R. 12(B)(3) applies to all charges under R.C. 4511.19, a defendant charged under R.C. 4511.19(A)(1) through (4) who does not challenge the admissibility of the chemical test results through a pretrial motion to suppress waives the requirement on the state to lay a foundation for the admissibility of the test results at trial. The chemical test result is admissible at trial without the state's demonstrating that the bodily substance was withdrawn within two hours of the time of the alleged violation, that the bodily substance

---

2. R.C. 4511.19(D) provides:

"In any criminal prosecution for a violation of this section, * * * the court may admit evidence on the concentration of alcohol, drugs of abuse, or alcohol and drugs of abuse in the defendant's blood, breath, urine, or other bodily substance at the time of the alleged violation as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance withdrawn within two hours of the time of the alleged violation.
        " * * *
"Such bodily substances shall be analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director of health pursuant to section 3701.143 of the Revised Code."

was analyzed in accordance with methods approved by the Director of Health, and that the analysis was conducted by a qualified individual holding a permit issued by the Director of Health pursuant to R.C. 3701.143. (*Defiance v. Kretz* [1991], 60 Ohio St.3d 1, 573 N.E.2d 32, approved; *Cincinnati v. Sand* [1975], 43 Ohio St.2d 79, 72 O.O.2d 44, 330 N.E.2d 908, modified.) This does not mean, however, that the defendant may not challenge the chemical test results at trial under the Rules of Evidence. Evidentiary objections challenging the competency, admissibility, relevancy, authenticity, and credibility of the chemical test results may still be raised.

In the case before us, French was charged under R.C. 4511.19(A)(1). A review of the record shows that French failed to make a motion to suppress the test results pursuant Crim.R. 12(B)(3). Therefore, French waived the state's burden to lay a foundation establishing substantial compliance with statutory and Department of Health regulations.

The second issue is whether, in a charge under R.C. 4511.19(A)(1), expert testimony is required to explain the significance of a legally obtained breathalyzer test result that is below the *per se* level. We hold that it is.

This court has previously held that when introducing the results of a legally obtained breathalyzer test into evidence in prosecutions under R.C. 4511.19(A)(1), the state must present expert testimony "to relate the numerical figure representing a percentage of alcohol by weight in the bodily substance, as shown by the results of the chemical test, to the common understanding of what it is to be under the influence of alcohol." *Newark v. Lucas, supra,* 40 Ohio St.3d at 105, 532 N.E.2d at 134, citing *State v. Myers* (1971), 26 Ohio St.2d 190, 198, 55 O.O.2d 447, 452, 271 N.E.2d 245, 251.

As discussed *supra,* in a charge under R.C. 4511.19(A)(1), the chemical test result is not dispositive of guilt, but merely constitutes some evidence to consider, if probative, in addition to all other evidence regarding the conduct of the defendant. Clearly, without expert testimony, prejudice could result from a jury giving too much weight to the test result itself rather than focusing on the critical issue of the defendant's conduct.

In the instant case, the prosecution failed to introduce expert testimony to explain the significance of French's BAC test result. In view of the contradictory testimony in the record, we conclude that the trial court committed reversible error by allowing the actual numerical figure of the BAC test to be introduced into evidence in the absence of expert testimony explaining the significance of the figure.

Accordingly, we affirm the judgment of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed.*

DOUGLAS, WRIGHT, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK, J., concurs in judgment only.