[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, George R. Florence, appeals the judgment of the Hamilton County Municipal Court convicting him of operating a motor vehicle while under the influence of alcohol pursuant to R.C. 4511.19(A)(1). Florence was convicted of the offense following a bench trial. At trial, the court asked for the result of Florence's breathalyzer test and was informed of the result by defense counsel.
On appeal, Florence contends that the trial court erred in admitting the breathalyzer result absent expert evidence. We find this assignment to be well taken. The Supreme Court of Ohio has held that, in a prosecution under R.C.4511.19(A)(1), the state must present expert testimony to relate the numerical figure of a breathalyzer test to the common understanding of what it is to be under the influence of alcohol.[1]
In the case at bar, the breathalyzer result was introduced without accompanying expert testimony. Although the state argues that any error by the trial court was waived when Florence failed to object, we cannot accept this assertion. Because it was the trial court itself that requested the challenged evidence, the court's position as to its admissibility was evident, and Florence could have reasonably concluded that an objection would have been futile.[2] Similarly, we cannot accept the assertion that the breathalyzer result was not a factor in the trial court's decision. Once again, as the trial court itself sought the test result, we must infer that the result was an important factor in the decision to convict. Accordingly, the assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded for a new trial in accordance with this judgment entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
GORMAN and WINKLER, JJ.
HILDEBRANDT, Presiding Judge.
[1] State v. French (1995), 72 Ohio St.3d 446, 650 N.E.2d 887, paragraph two of the syllabus.
[2] See, generally, State v. Mooney (July 26, 1995), Lorain App. No. 94 CA005860, unreported; In Re Maupin (Dec. 11, 1998), Hamilton App. No C-980094, unreported.