[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Elizabeth D. Stewart, appeals the judgment of the Hamilton County Municipal Court convicting her of operating a motor vehicle while under the influence of alcohol pursuant to R.C. 4511.19(A)(1). She had been found guilty of the offense following a jury trial conducted in September 1999.
At trial, the arresting officer stated that he had received a radio broadcast for a possible robbery at a restaurant. The broadcast indicated that the robbery suspect was a person named Elizabeth Stewart and that she was driving a Toyota Camry with a temporary license tag. When he arrived on the scene, the officer saw Stewart and a companion arguing in an automobile matching that description. The automobile was running, and Stewart was seated behind the steering wheel.
When the officer approached the car to investigate, he detected a strong odor of an alcoholic beverage about Stewart's person. Her eyes were watery and bloodshot. In response to the officer's questions, Stewart stated that she had consumed some wine.
The officer then asked Stewart to perform a series of field sobriety tests. Although she successfully recited the alphabet, she swayed and stumbled while doing so. Stewart could not maintain her balance on the "one-leg stand" and the "walk-and-turn" test and therefore could not successfully complete those tests. Further, she could not touch both of her fingers to her nose. The officer testified that, throughout his investigation, Stewart's speech was slurred, and she exhibited wide mood swings, alternately laughing and crying. In addition, Stewart was very talkative and often belligerent. Based upon the officer's observations, he arrested Stewart and charged her with a violation of R.C. 4511.19(A)(1).
In her first assignment of error, Stewart maintains that her conviction was against the manifest weight of the evidence and was based upon insufficient evidence. To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[1] In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2] In a prosecution for a violation of R.C.4511.19(A)(1), the state must prove that the defendant operated a vehicle having consumed alcohol in a quantity that adversely and appreciably impaired her actions or mental processes and deprived her of that clearness of intellect and control of herself that she would otherwise have had.[3]
In the case at bar, the conviction was in accordance with the evidence. The state presented evidence that Stewart had consumed alcohol in such a quantity that it appreciably impaired her ability to operate an automobile. The officer's observations of Stewart's demeanor, in conjunction with her poor performance of the field sobriety tests, provided ample evidentiary support for the guilty verdict. While Stewart emphasizes her denial that she was intoxicated, as well as her ability to successfully complete portions of the field sobriety tests, these circumstances do not warrant reversal. The weight to be given the evidence is properly reserved for the trier of fact, and we cannot say that the jury in the instant case clearly lost its way. The first assignment of error is overruled.
In her second assignment of error, Stewart claims that she was denied the effective assistance of trial counsel. To establish ineffective assistance of trial counsel, there must be a showing that counsel's performance fell below an objective standard of reasonable representation and, in addition, that prejudice arose from counsel's performance.[4]
Stewart cites the following as trial counsel's alleged deficiencies: the failure to exercise peremptory challenges as to certain jurors; the failure to pursue discovery; the failure to subpoena favorable witnesses; the failure to file a motion to suppress; and the failure to introduce the intoxilyzer test result into evidence. We find no merit in Stewart's arguments. The record indicates that all of the jurors who were ultimately empanelled had indicated that they could fairly and impartially decide the issues of the case, and we cannot say that peremptory challenges should have been exercised. Moreover, Stewart does not specify what exculpatory material discovery may have produced, and she cites nothing other than certain self-serving affidavits to support her contention that the witnesses would have offered favorable testimony. The record further indicates that a motion to suppress would have been futile, because the arresting officer properly gained the information leading to the DUI arrest during his investigation of the alleged robbery. Finally, the failure of counsel to introduce the intoxilyzer result into evidence can be attributed to sound trial strategy, as the result of the test may have confirmed that Stewart had consumed a substantial amount of alcohol.[5]
Accordingly, the second assignment of error is overruled.
In her third and final assignment of error, Stewart claims that the trial court erred in refusing to admit the result of the intoxilyzer test into evidence. We disagree. In a prosecution under R.C. 4511.19(A)(1), expert testimony as to the significance of the intoxilyzer result is required for the result to be admissible.[6] There was no foundation for the introduction of the result in the case at bar, and the trial court properly withheld the result from the jury. The third assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.
[1] State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546.
[2] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819,825.
[3] See State v. Bakst (1986), 30 Ohio App.3d 141,506 N.E.2d 1208.
[4] Strickland v. Washington (1984), 466 U.S. 668, 686,104 S.Ct. 2052, 2064; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, paragraphs two and three of the syllabus.
[5] Stewart also contends that counsel was deficient in not introducing the result of the horizontal-gaze-nystagmus test. She argues that the result was "presumably" favorable to her because the state did not offer it into evidence. We refuse to indulge in such a presumption, and therefore find no deficiency in counsel's performance in that regard. Similarly, we find no support in the record for Stewart's assertion that counsel could have offered evidence concerning the lack of reliability of the field sobriety tests that Stewart was asked to perform.
[6] State v. French (1995), 72 Ohio St.3d 446, 650 N.E.2d 887, paragraph two of the syllabus.