[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op.2(G)(1).
Defendant-appellant, Steven Rosenfeld, appeals the judgment of the Hamilton County Municipal Court convicting him of operating a vehicle while under the influence of alcohol or a drug of abuse pursuant to R.C.4511.19(A)(1). He was convicted of the offense following a bench trial. For the following reasons, we reverse the judgment of the trial court and remand the cause for further proceedings.
In a single assignment of error, Rosenfeld first argues that his conviction was based upon insufficient evidence. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"[1] In a prosecution for a violation of R.C. 4511.19(A)(1), the state must prove that the defendant operated a vehicle having consumed alcohol or a drug of abuse in a quantity that adversely and appreciably impaired his actions or mental processes and deprived him of that clearness of intellect and control of himself that he would otherwise have had.[2]
In the case at bar, a rational trier of fact could have found Rosenfeld guilty of R.C. 4511.19(A)(1). The arresting officer testified that Rosenfeld had driven his vehicle over a curb, flattening one of the tires. Rosenfeld continued driving after striking the curb, entering a grassy area before returning to the roadway. Rosenfeld admitted to having consumed alcohol, had glassy eyes, and could not successfully perform two field sobriety tests administered by the arresting officer. Under these circumstances the trial court could have reasonably concluded that Rosenfeld's ability to operate a vehicle was substantially impaired.
Although we reject Rosenfeld's argument as it relates to the sufficiency of the evidence, we find his argument relating to the admission of a urine test for cocaine to be persuasive. At trial, the prosecutor was permitted to introduce into evidence the results of a positive urine test for cocaine. Rosenfeld argues that the trial court erred in admitting that result. We agree. In a prosecution under R.C.4511.19(A)(1), expert testimony as to the significance of an intoxilyzer result or similar test result is required for the test to be admissible.[3] In the case at bar, there was no expert testimony to relate the numerical result of the test to the effect that such a level of cocaine would have had on the defendant. Its admission into evidence was therefore erroneous.
Moreover, the record indicates that the trial court specifically considered the urine test in finding Rosenfeld guilty. After noting that the field sobriety test results were not "the worst tests I've ever seen," the trial court explicitly and repeatedly cited the positive cocaine test result as a factor in its finding of guilt. Therefore, although we might otherwise be inclined to hold that the admission of the test result was harmless error, the trial court's comments preclude such a holding. We accordingly sustain, in part, Rosenfeld's assignment of error.
In addition to the issues discussed above, appointed appellate counsel has appended to the brief issues that Rosenfeld himself urges this court to consider. These issues include the alleged ineffectiveness of trial counsel, manifest weight of the evidence, and the state's alleged lack of compliance with department of health regulations concerning the urine test. Because these issues have not been submitted as assignments of error, we are not required to address them. We do note, however, that we have reviewed the issues that Rosenfeld has raised and find his arguments to be without merit.
Having sustained in part Rosenfeld's sole assignment of error, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Sundermann, JJ..
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819,825.
[2] State v. Bakst (1986), 30 Ohio App.3d 141, 145, 506 N.E.2d 1208,1213-1214.
[3] State v. French (1995), 72 Ohio St.3d 446, 650 N.E.2d 887, paragraph two of the syllabus; State v. Stewart (June 7, 2000), Hamilton App. No. C-990773, unreported.