I concur with the majority's analysis and disposition of appellant's third assignment of error.
However, I respectfully dissent from the majority as to its analysis and disposition of appellant's first and second assignments of error.
With respect to appellant's first assignment of error, appellant is correct that this Court repeatedly has held that a trial court must state its factual findings on the record in ruling on a Motion to Suppress. However, in the case sub judice, I discern no prejudice to appellant by the trial court's failure to do so. In the cases cited by appellant in his brief, the appellant specifically raised as error the trial court's ruling on a Motion to Suppress. In contrast, in this matter, appellant has not expressly challenged the trial court's denial of her Motion to Suppress, but rather only the trial court's failure to issue findings of fact. Since appellant has failed to assign as error the trial court's denial of her Motion to Suppress, I would find that appellate review of the decision is not hampered by the lack of findings of fact as there is no need for this Court to review the same. For such reason, I would overrule appellant's first assignment of error.
As is stated in the majority's Opinion, appellant, in his second assignment of error, maintains that the trial court erred in denying appellant an opportunity to cross examine Trooper Justice, the arresting officer, at trial regarding his administration and interpretation of the horizontal gaze nystagmus test.
In the case sub judice, appellant filed a Motion to Suppress on December 12, 2000, arguing in part, that the horizontal gaze nystagmus test was not administered properly. By denying appellant's Motion to Suppress in a Judgment Entry filed on February 2, 2000, the trial court implicitly found that the horizontal gaze nystagmus test had been properly administered and interpreted by Trooper Justice. However, appellant, as is noted above, has not assigned as error the trial court's denial of her Motion to Suppress. For such reason, the determination of the trial court on the suppression motion forecloses cross examination of Trooper Justice as to administration of the horizontal gaze nystagmus test "as the purpose of a Suppression Motion and ruling thereon are to give finality to the issues presented which prevails at trial." State v.Maguire (July 30, 2001), Stark App. No. 2000CA374, unreported[1], citing State v. French (1995), 72 Ohio St.3d 446.
Based on the foregoing, I would overrule appellant's second assignment of error.
Judge Julie A. Edwards
[1] In Maguire, this court specifically held that had the Officer strictly complied with the standards for field sobriety tests, "the determination of such by the Court on the Suppression Motion would foreclose cross examination of the tests but not to the performance by appellant as the purpose of a Suppression Motion and ruling thereon are to give finality to the issues presented which prevails at trial."