OPINION
Rick D. Brandenburg appeals from his conviction in the Montgomery County Court of operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A) (1) pursuant to his no contest plea.
On October 22, 2000 at 1:17 a.m. Sergeant Mark Lightner of the Huber Heights Police Department observed Brandenburg driving his automobile toward him northbound on Brandt Pike without his headlights on. Lightner turned his police cruiser around and followed Brandenburg and observed him go left of center with both left tires over the double yellow lines "for a good distance." Lightner followed Brandenburg for approximately two miles and during that time Brandenburg never turned on his headlights.
Lightner activated his overhead lights but Brandenburg continued driving north on Brandt Pike. When Brandenburg didn't pull over, Lightner put on his "take down lights" and his spot light to get Brandenburg's attention. When Brandenburg still did not pull over, Lightner activated his siren and Brandenburg then pulled his car over to the side of the road.
Lightner approached Brandenburg's vehicle and requested his identification. Lightner asked Brandenburg where he was coming from and Brandenburg stated he was coming from a Halloween party. Lightner asked Brandenburg how much he had to drink and Brandenburg replied he had three beers. Lightner testified he detected a moderate odor of alcohol about Brandenburg's person, that his eyes appeared glassy and bloodshot, and his speech was slurred.
Lightner then asked Brandenburg to perform three sobriety tests: (1) the one legged balance test, (2) the heel to toe walk and turn test and (3) the horizontal gaze nystagmus test.
During the one legged balance test, Brandenburg wasn't able to lift one foot off the ground without having to immediately place it back down to maintain his balance. (Tr. 11). During the heel-to-toe test, Brandenburg failed to follow Lightner's instructions and took regular steps instead of heel-to-toe steps. (Tr. 13). Lightner also determined that Brandenburg failed the horizontal gaze nystagmus test because he observed jerkiness of Brandenburg's eye at maximum deviation and lack of smooth pursuit in both of his eyes. (Tr. 14).
Lightner arrested Brandenburg for operating his vehicle while under the influence of alcohol. Brandenburg was transported to the Huber Heights Police Department where he refused to take the breathalyzer test.
Brandenburg moved to suppress any physical evidence obtained as a result of his arrest or detention as well as the results of the field sobriety tests. He contended the sobriety tests were not conducted in strict compliance with the National Traffic Safety Administration manual (hereinafter NTSA).
At the suppression hearing Sergeant Lightner testified at length as to the procedures he followed in conducting the field sobriety tests. He admitted on cross-examination that he could not recall whether he told Brandenburg to point his toe away from his body during the one legged stand test as required by the NTSA manual. He also indicated that he did not tell Brandenburg that when he turned during the heel-to-toe test he was to keep the front foot on the line and then turn by taking a series of small steps with the other foot as required by the manual. (Tr. 28). Further Lightner admitted he did not have Brandenburg repeat the test from the point where he had difficulty as indicated by the manual.
Lightner further admitted that during the "smooth pursuit" portion of the HGN test he moved the stimulus out at a speed of four seconds rather than the recommended two seconds. Lightner admitted he moved the stimulus at a pace of four seconds from the nose to the point of maximum deviation although the manual states the stimulus is to be moved at a pace of two seconds. The maximum deviation portion of the test was also not repeated as required by the NTSA manual.
During the portion of the HGN test where nystagmus prior to 45 degrees is observed, Lightner also testified he did not check for nystagmus prior to 45 degrees but checked for the onset at 40 degrees in both eyes of Brandenburg.
At the conclusion of the hearing, the prosecutor argued that the field sobriety tests were administered "substantially correct" and should be admissible. (Tr. 40). The trial court overruled the defendant's motion without elaboration.
In a single assignment of error, Brandenburg argues the trial court erred in overruling his suppression motion upon the authority of State v. Homan (2000), 89 Ohio St.3d 421.
In that case, the supreme court held that in order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures.
It appears that a motion to suppress is a proper vehicle to challenge the admissibility of test results for use at trial. See, State v. French (1995), 72 Ohio St.3d 446.
The State argues that even if the field sobriety tests were not admissible for probable cause purposes, Sergeant Lightner had enough probable cause to arrest Brandenburg even without the sobriety test results. We find that it is irrelevant in these criminal proceedings whether Lightner had "probable cause" to arrest Brandenburg. There was no evidence obtained by the State after Brandenburg was arrested to suppress. He did not take a breathalyzer test or any other test after his arrest.[1] The relevant issue in this case is whether the sobriety test results are admissible at trial on the issue of Brandenburg's guilt if they were not properly administered by the police. (See Judge Rocco's concurring opinion in State v. Homan, at 429).
Although a case of first impression, we feel confident that the supreme court would find field sobriety test results are not admissible at trial if they are not conducted by the officers in strict compliance with standardized testing procedures. The court noted in Homan that although the only test at issue in Bresson[2] was the HGN, the court suggested these strict prerequisites to admissibility would also apply to the other field sobriety tests. See, Homan at 425.
The evidence is really uncontested that Sergeant Lightner did not strictly comply with the NTSA manual in administering the field sobriety tests to Brandenburg. Accordingly, the trial court erred in ruling that these tests results would be admissible at trial.
There is, however, no question that Lightner had reasonable grounds to stop Brandenburg's vehicle. Indeed, he had even probable cause to stop Brandenburg for driving his automobile at night without use of its headlights. Had the sobriety tests been administered properly, they clearly would have been admissible as the product of a lawful stop.
The appellant's assignment of error is sustained as it relates to the admissibility of the field sobriety tests at trial. The judgment of the trial court is Reversed and Remanded for further proceedings.
WOLFF, P.J., and FAIN, J., concur.
[1] "Probable cause to arrest" is relevant in an administrative license suspension (ALS) hearing for refusal to take a breathalyzer test. This is a civil proceeding, however, see R.C. 4511.191(H)(2).
[2] 51 Ohio St.3d 123.