OPINION
{¶ 1} This is an appeal from the judgment of the Bellefontaine Municipal Court which denied Defendant-appellant, Terri Rannes' (Rannes), motion to suppress and found her guilty of violating R.C.4511.19(A)(3) (DUI) together with a traffic stop violation.
 {¶ 2} At approximately 1:00 a.m. on December 2, 2001, Rannes left the Shell Plaza gas station located in Russells Point, Ohio on State Route 708 by car and drove north to the intersection of Route 708 and 33. Rannes stopped at the traffic light at the intersection, however, she drove past the marked line before stopping. Rannes continued north on Route 708 and then stopped at the intersection of 708 and Main Street. Rannes then turned left on to Main Street without using a turn signal. Rannes continued on Main to the intersection of Main Street and Sunnyside Avenue where Rannes stopped at the stop sign, but came to a stop past the marked line. Soon after, the Chief of Police of Russells Point Police Department stopped Rannes, wherein he noticed a strong odor of alcoholic beverage from her breath and that she had glassy eyes. Further, she told the officer that she had consumed one beer that evening. The officer then directed Rannes to perform several field tests. According to the officer, Rannes was unable to perform the one leg stand, did not properly perform the walk and turn test and failed the HGN test.
 {¶ 3} Rannes was arrested and charged with a stop sign violation, in violation of R.C. 4511.12 and DUI in violation of R.C. 4511.19(A)(1) and R.C. 4511.19(A)(3). After being transported to the Logan County Sheriff's department, Rannes submitted to a breath test.
 {¶ 4} On December 13, 2001, Rannes filed a motion to suppress all evidence alleging that the officer did not have reasonable suspicion to stop and no probable cause to arrest. In its January 22, 2002 judgment entry, overruling the motion to suppress, the trial court stated that while "there was nothing illegal about the way in which defendant stopped at the stop signs in question," Rannes did fail to use her turn signal on a left turn and therefore the officer had reasonable suspicion to stop her. Furthermore, the trial court noted that Rannes' failure to perform the field tests as requested gave the officer probable cause to arrest. On February 22, 2002, a bench trial was held in which the arresting officer was the sole witness. Rannes was found guilty of violating R.C.4511.19(A)(3) and also a stop sign violation. The charge under R.C.4511.19(A)(1) was dismissed. On February 22, 2002, the trial court sentenced Rannes to a fine of $450, a driver's license suspension, three days in jail and attendance at Alcohol and Drug Addiction Services. Rannes filed a motion for reconsideration which was denied on March 12, 2002.
 {¶ 5} Rannes now appeals asserting three assignments of error.
 {¶ 6} Rannes first assignment of error asserts:
 {¶ 7} "The trial court erred in failing to suppress all evidence pertaining to the charge of D.U.I. taken by the arresting officer following the traffic stop at the intersection of Main Street/Sunnyside Avenue in the Village of Russell's Point, Ohio."
 {¶ 8} In reviewing a motion to suppress, an appellate court is "bound to accept the trial court's findings of fact if they are supported by competent, credible evidence." Village of McComb v. Andrews (March 22, 2000), Hancock App. No.
 {¶ 9} 5-99-41 at *2. Additionally, an appellate court must then "independently determine as a matter of law, without deference to the trial court's conclusion, whether they met the applicable legal standard." Id.
 {¶ 10} The Ohio Supreme Court has determined that "where an officer has an articulable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid[.]" Dayton v. Erickson (1996), 76 Ohio St.3d 3,11-12. A law enforcement officer must have a reasonable articulable suspicion that a driver of a vehicle is or has been engaged in criminal activity, See Terry v. Ohio (1968), 392 U.S. 1, or the officer must actually observe the criminal act, including a traffic violation, in order to conduct a constitutionally permissible motor vehicle stop.Erickson, 76 Ohio St.3d at 9.
 {¶ 11} "In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. [citations ommited] In making this determination, we will examine the `totality' of facts and circumstances surrounding the arrest." [citations ommited] State v. Homan (2000), 89 Ohio St.3d 421,427.
 {¶ 12} In this case, while she was not cited for this offense, the arresting officer testified that Rannes failed to use her left turn signal when turning onto Main Street which is a violation of R.C. 4511.39. As the officer observed Rannes fail to use a left turn signal, he permissibly stopped her motor vehicle. Furthermore, the officer testified that Rannes had glassy eyes, had a strong odor of alcohol and failed three different field sobriety tests. As such we find that under the totality of the circumstances, the officer had probable cause to arrest Rannes for violating R.C. 4511.19. Consequently, Rannes first assignment of error is overruled.
 {¶ 13} Rannes' second assignment of error asserts:
 {¶ 14} "The trial court erred in admitting the results of the breathalyzer test in evidence and finding defendant guilty under O.R.C. Section 4511.19(A)(3) when the evidence required by this section was not presented by the state of Ohio, namely,
 {¶ 15} "a. The breath test must be withdrawn within two hours of the time of the alleged violation;
 {¶ 16} "b. The breath shall be analyzed in accordance with methods approved by the director of Health;
 {¶ 17} "c. The analyses shall be conducted by qualified individuals holding permits issued by the director of health. Pursuant to R.C. 2701.143."
 {¶ 18} Rannes was convicted of violating R.C. 4511.19(A)(3) which provides:
 {¶ 19} "No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:
 {¶ 20} "* * *
 {¶ 21} "(3) The person has a concentration of ten-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath;"
 {¶ 22} "In determining whether one of these per se offenses was committed by the defendant, the trier of fact is not required to find that the defendant operated a vehicle while under the influence of alcohol or drugs, but only that the defendant operated a vehicle within the state and that the defendant's chemical test reading was at the proscribed level." City of Newark v. Lucas (1988), 40 Ohio St.3d 100,103; State v. Rains (1999), 135 Ohio App.3d 547. The admissibility of test results to establish alcohol concentration under R.C. 4511.19 turns upon whether the State substantially complied with Ohio Department of Health regulations. Defiance v. Kretz (1991), 60 Ohio St.3d 1, 3.
 {¶ 23} The following testimony of the arresting officer was the State's only evidence admitted at trial which addressed the breath test,
 {¶ 24} "Officer: I then transported her to the Logan County Sheriff's office where she was read the form 2255, offered the state chemical test of her breath.
 {¶ 25} "State: And did she submit to that test?
 {¶ 26} "Officer: she submitted to that and drew point 147.
 {¶ 27} "* * *
 {¶ 28} "Defense Attorney: * * * Did you conduct the chemical test?
 {¶ 29} "Officer: No, sir. I believe Deputy Robinson did."
 {¶ 30} Rannes argues that this brief dialog does not comply with several Ohio Department of Health regulations. However, the Ohio Supreme Court has held that the specific errors of which Rannes complains must be asserted in a pretrial motion to suppress.
 {¶ 31} "Because Crim.R. 12(B)(3)[1] applies to all charges under R.C. 4511.19, a defendant charged under R.C. 4511.19(A)(1) through (4) who does not challenge the admissibility of the chemical test results through a pretrial motion to suppress waives the requirement on the state to lay a foundation for the admissibility of the test results at trial. The chemical test result is admissible at trial without the state's demonstrating that the bodily substance was withdrawn within two hours of the time of the alleged violation, that the bodily substance was analyzed in accordance with methods approved by the Director of Health, and that the analysis was conducted by a qualified individual holding a permit issued by the Director of Health pursuant to R.C. 3701.143." [citations omitted]. State v. French (1995), 72 Ohio St.3d 446, paragraph one of the syllabus.
 {¶ 32} However, the Court went on to hold that "[e]videntiary objections challenging the competency, admissibility, relevancy, authenticity, and credibility of the chemical test results may still be raised [at trial]." Id. at 452.
 {¶ 33} The specific errors alleged by Rannes in this case, fit into the three categories listed in French.[2] While Rannes filed a pretrial motion to suppress, she failed to include an assertion that the breath test was not withdrawn within two hours of the time of the alleged violation, that the breath was not analyzed in accordance with methods approved by the director of Health, or that the analysis was not conducted by qualified individuals holding permits issued by the director of health. Consequently, Rannes waived any objection to the state's compliance with these provisions. French, supra; See also State v. Gray
(April 19, 2001), Paulding App. No. 11-2000-16.
 {¶ 34} However, that said, we find that the State laid an inadequate evidentiary foundation at trial to introduce the breath test results. While the arresting officer testified that "she submitted to that and drew point 147," the State failed to call the officer who allegedly conducted the breath test. Furthermore, the arresting officer failed to testify that he actually witnessed the breath test being administered. In sum, it does not appear that the state's witness had any first-hand knowledge of the administration or results of the tests. Furthermore, neither the BAC Datamaster Evidence Ticket nor BAC Datamaster Test Report forms were admitted into evidence.
 {¶ 35} While we are mindful that the majority of the foundational requirements regarding the admissibility of the breath test have been waived by Rannes' failure to file a motion to suppress, we find that a mere recitation that "she submitted to that and drew point 147" by the arresting officer in this case, without anything further, is not sufficient to constitute the minimal foundation of competency and authenticity necessary to establish a breath alcohol content of "ten-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath" beyond a reasonable doubt pursuant to R.C. 4511.19(A)(3). Moreover, we find the acceptance of this testimony as the sole evidence of blood alcohol content in this case by the trial court to be plain error, as without this evidence Rannes could not have been found guilty of R.C. 4511.19(A)(3). See State v. Mckee (2001), 91 Ohio St.3d 292.
 {¶ 36} Accordingly, albeit to this extent only, Rannes second assignment of error is sustained.
 {¶ 37} Rannes' third assignment of error asserts:
 {¶ 38} "The trial court erred in finding the defendant guilty of a stop sign violation."
 {¶ 39} In ruling on the motion to suppress, the trial court stated in its judgment entry that "there was nothing illegal about the way in which defendant stopped at the stop signs in question." However, the trial court found Rannes guilty of the stop violation at trial. While this inconsistency is puzzling and surely would have sparked further action by counsel for either side of this case, the trial court did not formally dismiss the stop sign violation, nor did the trial court purport to acquit her of the stop sign violation in its judgment entry on the motion to suppress. See City of Findlay v. Clark (Feb. 12, 1996) Hancock App. No. 5-95-8 at *3. As a result, the language of the judgment entry overruling the motion to suppress, while puzzling and inconsistent with the ultimate verdict, was without any legal effect. In the meantime, at trial, the arresting officer testified that Rannes' vehicle "made an improper stop" and that she "went past the clearly marked stop line in the roadway." Consequently, the trial court was within its prerogative as trier of fact to find Rannes guilty of the stop sign violation. Accordingly, Rannes' second assignment of error is overruled.
 {¶ 40} Based on the foregoing, the judgment and sentence of the trial court pertaining to the stop sign violation is affirmed. The judgment and sentence of the trial court pertaining to the violation of R.C. 4511.19(A)(3) is reversed as against the weight and sufficiency of the evidence. See State v. Jenks (1991), 61 Ohio App.3d 259; State v.Thompkins (1997), 78 Ohio St.3d 380. This case is remanded for entry of judgment in accordance with this opinion.
Judgment affirmed in part, reversed in part and cause remanded.
HADLEY and WALTERS, JJ., concur.
[1] Crim.R. 12(B)(3) requires that "motions to suppress evidence * * * on the grounds that it was illegally obtained" must be raised before trial.
[2] Rannes also articulates an objection regarding the failure of the state to show that the Breathalyzer was in proper working order, however, the supreme court in Cincinnati v. Sand (1975), 43 Ohio St.2d 79
determined that the requirement that "The breath shall be analyzed in accordance with methods approved by the director of Health" includes verifying that the breathalyzer was in working order.