{¶ 32} I must respectfully dissent from the majority's disposition of this appeal because I disagree with their conclusion that the trial court correctly suppressed the evidence.
 {¶ 33} In my opinion, Jackson lacks standing to contest the prosecutor's opening of the ballots. The ballots belonged to the electors, not Jackson. To assert a Fourth or Fifth Amendment privilege, as Jackson has, it must be for a personal privacy right. As the Ohio Supreme Court held in State v. Wac (1981), 68 Ohio St.2d 84:
 {¶ 34} "The Court of Appeals, citing Alderman v. United States
(1969), 394 U.S. 165 (rehearing denied, 394 U.S. 939), held that appellant did not have standing to assert any violation, because appellant's Fourth Amendment rights are personal. The Alderman court observed: `* * * The established principle is that suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence. * * *.'394 U.S., at 171-172."
 {¶ 35} Furthermore, although the majority cites statutory law to support its conclusion that the evidence should be suppressed, the exclusionary rule does not apply to evidence obtained as a result of a statutory violation that does not implicate constitutional rights, unless specifically required by the legislature. State v. French (1995),75 Ohio St.3d 446, 449. The legislature did not provide the remedy of exclusion for violation of the statutes cited by the majority, nor does the opening of the ballots violate a constitutional right. "The right to vote a secret ballot is neither a natural right nor a constitutional right." State ex rel. Webber v. Felton (1908), 77 Ohio St. 554, 567. Although I agree that there is a strong public policy disfavoring revealing voters' choices, there is an equally strong interest in assuring that the voting process is not tainted by allegations of ballot tampering.
 {¶ 36} Furthermore, the majority misconstrues R.C. 3509.08(A), which states that board employees may aid physically infirm voters in marking the ballots, "and they shall thereafter give no information in regard to this matter" to mean that the workers thereafter cannot provide any information regarding any alleged misconduct in assisting the voter. In the context of R.C. 3509.08(A), I interpret this provision as meaning that the workers assisting the infirm voter may not attempt to influence the voter's choice by providing more information. Therefore, Ms. Weaver could testify that she saw Jackson mark the ballot contrary to the voter's intention. See R.C. 3599.41.
 {¶ 37} I am troubled, however, by the prosecutor's investigatory method which required the voters to recast their ballots in order to determine if ballot tampering occurred. I believe a simpler investigation could have included deposing the voters involved to uncover any tampering. However, any objection to this evidence is properly raised in a motion in limine and not in a motion to suppress, which is reserved for constitutional violations. City of Hilliard v. Elfrink (1996),77 Ohio St.3d 155, 158. A motion in limine may be used to determine the admissibility of evidence that is either not competent or improper due to some unusual circumstance not rising to the level of a constitutional violation. State v. French, supra.[3]
 {¶ 38} Therefore, I do not agree with the majority's finding that the trial court properly suppressed the evidence, and I would reverse and remand.
[3] The Ohio Supreme Court in State v. French (1995), 72 Ohio St.3d 446, made an exception to the principle that a motion to suppress should not be used for statutory violations, when it permitted admissibility of a breathalyzer test obtained in noncompliance with the relevant statutes and Ohio Department of Health Regulations to be raised in a motion to suppress. However, the Court in City of Hilliard cautioned that this exception was limited strictly to the admissibility of breathalyzer tests obtained in violation of the statutes and regulations.