OPINION
{¶ 1} Defendant-appellant Jennifer Moffitt appeals the March 20, 2002 Judgment Entry of the Coshocton County Court of Common Pleas which found her guilty of four counts of trafficking in marijuana, felonies of the fourth degree. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On May 15, 2001, the Coshocton County Grand Jury indicted appellant with five counts of corrupting another with drugs, in violation of R.C. 2925.02(A)(4)(a) and (C)(3), and three counts of trafficking in marijuana, in violation of R.C. 2925.03(A) and (C)(3)(b). At her May 21, 2001 arraignment, appellant plead not guilty to the charges.
 {¶ 3} On August 10, 2001, appellant filed a motion to suppress seeking suppression of the testimony of the four minor children to whom appellant had sold marijuana.
 {¶ 4} On August 29, 2001, the trial court conducted a suppression hearing. The State called Brittany Markley. Ms. Markley testified she used a substance which she believed to be marijuana on three occasions. In each instance, Ms. Markley used the substance with appellant. Further, Ms. Markley testified she had seen marijuana one other time at a concert in January, 2001. Therefore, before the incident giving rise to the allegations contained in the indictment, Ms. Markley had used marijuana and seen marijuana being used only once.
 {¶ 5} The State conceded each of the other children to whom appellant had sold marijuana lacked sufficient experience with marijuana to render an opinion regarding the identity of the substance provided to them by the appellant.
 {¶ 6} In a November 21, 2001, the trial court granted appellant's motion to suppress in part, excluding the testimony of the three minors who had no previous experience with marijuana. However, the trial court found no legal basis for excluding the testimony of Ms. Markley regarding appellant's actions in providing marijuana to her and to her three friends. Specifically, the trial court found a sufficient foundation of experience and knowledge on the part of Ms. Markley to support her opinion the substance appellant supplied her with was marijuana. Accordingly, the trial court found Ms. Markley was qualified to testify as a lay witness.
 {¶ 7} On January 2, 2002, appellant appeared in open court and entered a written plea of no contest to four counts of trafficking in marijuana. In a January 4, 2002 Judgment Entry, the trial court accepted appellant's plea to the amended indictment and found appellant guilty of the amended charges.
 {¶ 8} In a March 20, 2002 Judgment Entry, the trial court sentence appellant to a three year period of community control. It is from that judgment entry appellant prosecutes this appeal, assigning the following errors for our review:
 {¶ 9} "I. The trial court erred when it ruled that Brittany Markley had sufficient experience to allow her to render an opinion as to the identity of the substance provided to her by appellant under Ohio Rule of Evidence 701.
 {¶ 10} "II. The trial court seventeen month sentence was disproportionate given the defendant's lack of prior record."
 I. {¶ 11} In appellant's first assignment of error, she maintains the trial court erred in finding Brittany Markley had sufficient experience to permit her to render an opinion as to the identity of the substance provided to her by appellant pursuant to Evid.R. 701. We disagree.
 {¶ 12} The purpose and effect of a motion to suppress and a motion in limine are distinct. A "motion to suppress" is defined as a "[d]evice used to eliminate from the trial of a criminal case evidence which has been secured illegally, generally in violation of the Fourth Amendment (search and seizure), the Fifth Amendment (privilege against self incrimination), or the Sixth Amendment (right to assistance of counsel, right of confrontation etc.), of U.S. Constitution." Black's Law Dictionary (6 Ed. 1990) 1014. Thus, a motion to suppress is the proper vehicle for raising constitutional challenges based on the exclusionary rule first enunciated by the United States Supreme Court in Weeks v.United States (1914), 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, and made applicable to the states in Mapp v. Ohio (1961), 367 U.S. 643,81 S.Ct. 1684, 6 L.Ed.2d 1081. State v. French (1995), 72 Ohio St.3d 446, 449. An important characteristic of a motion to suppress is that finality attaches so that the ruling of the court at the suppression hearing prevails at trial and is, therefore, automatically appealable by the state. Id.
 {¶ 13} A "motion in limine" is defined as "[a] pretrial motion requesting [the] court to prohibit opposing counsel from referring to or offering evidence on matters so highly prejudicial to [the] moving party that curative instructions cannot prevent [a] predispositional effect on [the] jury." Black's Law Dictionary, supra, at 1013. The purpose of a motion in limine "is to avoid injection into [the] trial of matters which are irrelevant, inadmissible and prejudicial[,] and granting of [the] motion is not a ruling on evidence and, where properly drawn, granting of [the] motion cannot be error." French, at 450. A ruling on a motion in limine reflects the court's anticipated treatment of an evidentiary issue at trial and, as such, is a tentative, interlocutory, precautionary ruling. Thus, "the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Finality does not attach when the motion is granted." Id. citing Defiance v. Kretz (1991),60 Ohio St.3d 1, 4.
 {¶ 14} Although in Defiance v. Kretz (1991), 60 Ohio St.3d 1, and in French, supra, the Supreme Court held a motion to suppress is the proper pretrial procedure for challenging breath-alcohol results, those cases should by no means be interpreted as a general retreat from the well-established principle that suppression of evidence is a remedy normally reserved for alleged violations of constitutional rights.Hilliard v. Elfrink, (1996), 77 Ohio St.3d 155, *158. The issue of whether Ms. Markley had sufficient experience with marijuana to identify the substance, was an issue properly brought as a motion in limine. It did not present a constitutional violation subject to a motion to suppress. It was not evidence secured illegally. Accordingly, the only way to preserve such an error for review was to proceed to trial and lodge the proper objection. Although Ms. Markley testified at the suppression hearing, an objection to this evidence must have been raised at trial in order to preserve the issue for review on appeal. When appellant plead no contest to the charges, she waived the issue for review.
 {¶ 15} Appellant's first assignment of error is overruled.
 II. {¶ 16} In appellant's second assignment of error, she maintains the trial court's seventeen month sentence was disproportionate given the fact appellant lacked a prior record. We disagree.
 {¶ 17} As was clearly set forth in the March 20, 2002 Judgment Entry, the trial court sentenced appellant to three years of community control. The trial court noted if appellant should violate the community control sanction, it would impose a period of seventeen months in a state penal institution for each of the four counts of trafficking in marijuana. Appellant claims this statement was actually a seventeen month sentence. Not only was it not the sentence, the statement was required by both R.C. 2929.19(B)(5) and 2929.15(B).
 {¶ 18} Because the trial court did not sentence appellant to seventeen months, appellant's second assignment of error is without merit.
 {¶ 19} The March 20, 2001 Judgment Entry of the Coshocton County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Gwin, J. and Wise, J. concur.
topic: motion in limine does not preserve issues for appeal, sentencing.