[Cite as *State v. Mock*, 2013-Ohio-874.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-L-066** |
| CLIFFORD D. MOCK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. 11 CR 000731.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*R. Paul LaPlante*, Lake County Public Defender, and *Vanessa R. Clapp*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Clifford D. Mock, appeals the judgment of the Lake County Court of Common Pleas denying his motion to suppress evidence based on an alleged unconstitutional stop. Appellant also contends he suffered ineffective assistance of counsel in that other issues which would have changed the outcome of his case were not argued in his suppression motion. For the following reasons, the judgment is affirmed.

{¶2} On November 19, 2011, at approximately 2:45 a.m., Mentor Police Officer Christian Lawrence observed a green Ford Explorer repeatedly cross the center-lane while traveling north on a clear and dry two-lane road. Believing the driver may be intoxicated, the officer initiated a traffic stop of the automobile. As the officer approached, he observed two occupants in the vehicle. Appellant was the front-seat passenger, and one Miss Sopher was the driver. During the stop, Miss Sopher provided a license and established herself as the valid owner of the vehicle. Appellant was also asked for his information. Appellant did not provide identification but, instead, provided a fictitious name. When asked again, appellant provided a portion of his name before finally giving his complete name. Officer Lawrence discovered an outstanding warrant for appellant's arrest; thus, appellant was placed under arrest and positioned in the back of the police cruiser.

{¶3} After appellant's arrest, Officer Lawrence, now with the help of a backup officer, again approached the SUV where Miss Sopher remained. The officers asked Miss Sopher out of the vehicle. Miss Sopher inquired into the status of appellant. Officer Lawrence explained that appellant had been arrested due to an active warrant. Officer Lawrence then asked whether appellant may have left something in Miss Sopher's automobile. Miss Sopher, seemingly surprised at the information involving her former passenger, informed Officer Lawrence she did not know whether appellant had left anything in her vehicle. She informed the officers they were free to check her vehicle. The officers searched her automobile, finding in the backseat a partially opened duffle bag with a clear plastic bag in a twisted knot protruding outward. Officer Lawrence, pushing the bag open, discovered narcotics and drug paraphernalia. The

duffle bag also contained what appeared to be work-related materials, including papers and folders. Officer Lawrence questioned Miss Sopher about the bag and asked her if it contained anything that should not be there. Officer Lawrence explained that Miss Sopher appeared puzzled at the questioning. Miss Sopher, without hesitation, explained the bag belonged to her and was her work bag. Officer Lawrence then questioned appellant about whether anything illegal was in the vehicle. Officer Lawrence testified that appellant declared "it's all mine," though appellant did not specify the item or items to which he referred. Appellant was subsequently charged with possession of heroin and possession of criminal tools, both with forfeiture specifications.

{¶4} Appellant filed a motion to suppress the evidence. In his motion, appellant did not contest the initial stop. Instead, appellant contended Officer Lawrence had no reason to ask appellant for identification—essentially, that it was an unlawful continued detention unrelated to the purpose of the initial stop (suspicion of driver intoxication). Appellant urged the court to suppress all further evidence and statements from the stop. The trial court held a suppression hearing during which Officer Lawrence testified to the above-framed factual points. Upon consideration, the trial court denied the motion to suppress.

{¶5} Appellant now appeals and asserts two assignments of error for consideration by this court. Appellant's first assignment of error states:

{¶6} "The trial court erred when it denied the Defendant-Appellant's motion to suppress in violation of his due process rights and rights against unreasonable search and seizure as guaranteed by Sections 10 and 14, Article I of the Ohio Constitution and the Fourth and Fourteenth Amendments to the United States Constitution."

3

**{¶7}** In his first assignment of error, appellant does not contest the trial court's suppression ruling. Instead, appellant raises new arguments. He contends that the automobile search constituted an invalid search incident to arrest and that Miss Sopher's consent to search her automobile was involuntary. Appellant acknowledges these arguments were never advanced before the trial court in any capacity but, rather, maintains the trial court committed plain error in failing to exclude the evidence on these grounds.

**{¶8}** A motion to suppress evidence "is the proper vehicle for raising constitutional challenges based on the exclusionary rule[.]" *State v. French*, 72 Ohio St.3d 446, 449 (1995). Pursuant to Crim.R. 12(C), motions to suppress evidence on the grounds that the evidence was illegally obtained must be made before trial. *State v. Johnson*, 11th Dist. No. 2011-T-0075, 2012-Ohio-3035, ¶14. Further, a suppression motion must state with particularity the grounds upon which it is made. Crim.R. 47.

**{¶9}** Failure to abide by Crim.R. 12(C) constitutes waiver of the defenses or objections. Crim.R. 12(H). Here, it is undisputed that appellant failed to assert the constitutional claims of an invalid search incident to arrest and involuntary consent, thereby waiving those claims. Indeed, by failing to advance these arguments in his suppression motion before the trial court, the state did not have notice of the issues and an opportunity to prepare its case. The trial court did not make any findings of fact on these points because the matters were not raised and there was no evidence placed before it at the suppression hearing. *See, e.g., Village of Kirtland Hills v. Medancic*, 11th Dist. Nos. 2011-L-136 & 2011-L-137, 2012-Ohio-4333, ¶8. Consequentially, this appellate court is unable to conduct its ordinary standard of review as there are no

4

factual findings upon which to defer and no application of law to apply. *See State v. McDivitt*, 11th Dist. No. 2011-L-129, 2012-Ohio-2243, ¶13-14.

{¶10} Appellant recognizes this point but argues the trial court's failure to exclude the evidence on the grounds upon which he now relies is plain error, pursuant to Crim.R. 52(B). Notice of plain error is to be "taken with utmost caution and only to prevent a manifest miscarriage of justice[.]" *State v. Reives-Bey*, 9th Dist. No. 25128, 2011-Ohio-1778, ¶11. However, we question the propriety of a plain error analysis in the context of a defendant's failure to make constitutional arguments in a suppression motion. Under appellant's line of reasoning, the trial court, to avoid the alleged error in this case, would have been required to raise new suppression issues *on behalf of* appellant, request the parties to present evidence on those matters, and then evaluate the issues.

{¶11} Nonetheless, appellant would not have been able to assert his arguments in the first instance. Though neither party addresses it, the issue of standing is a threshold determination in analyzing whether a defendant's constitutional rights were violated. Certainly, appellant has the ability to challenge the seizure of Miss Sopher's automobile which restricted his movement as a passenger. *See, e.g., State v. Jackson*, 11th Dist. No. 2011-L-107, 2012-Ohio-2123, ¶18. However, appellant does not demonstrate that he has standing to challenge the constitutionality of Miss Sopher's consent to search her automobile. *See State v. Jalloh*, 2d Dist. No. 24972, 2012-Ohio-5314, ¶31, citing *Rakas v. Illinois*, 439 U.S. 128 (1978) ("a passenger has no standing to challenge the vehicle's search if that passenger has no proprietary or possessory interest in the vehicle"). Appellant similarly does not illustrate how he would have

standing to challenge the search of the duffle bag which Miss Sopher claimed as her personal property. *See generally Rawlings v. Kentucky*, 448 U.S. 98 (1980) (defendant had no standing to challenge constitutionality of a search that uncovered defendant's drugs in companion's purse). Indeed, appellant does not profess to have a proprietary or possessory interest in his companion's vehicle or her duffle bag. Further, appellant does not demonstrate how any evidence from a search could be characterized as "fruit of the poisonous tree" stemming from an alleged unreasonable seizure, especially when he does not challenge on appeal the trial court's determination that the seizure was *not* unreasonably initiated or extended.

{¶12} Appellant's first assignment of error is without merit.

{¶13} Appellant's second assignment of error states:

{¶14} "The Defendant-Appellant's due process rights and rights to fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution were violated by ineffective assistance of counsel."

{¶15} In his second assignment of error, appellant contends he suffered ineffective assistance of trial counsel because his suppression motion did not contain any of the arguments upon which he now relies: i.e., invalid search incident to arrest and involuntary consent. However, as explained above, these grounds, if pursued, would have proved fruitless due to the issue of standing. Pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), we cannot conclude the outcome would have been any different had these issues been raised. Further, on this record, it is equally plausible that trial counsel assessed the strength of the various arguments and tactically

6

determined the issue of the driver's consent to search her own vehicle should not be raised by appellant and could adversely affect the credibility of the entire motion. Indeed, we must indulge a strong presumption that trial counsel's assistance fell within the wide range of reasonable professional assistance. *Id.*

{¶16} Appellant's second assignment of error is without merit.

{¶17} The judgment of the Lake County Court of Common Pleas is hereby affirmed.

DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE., J.,

concur.