[Cite as *State v. Fetter*, 2013-Ohio-3328.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| CATHERINE FETTER | : | Case No. 12-CA-94 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Licking
                                  County Municipal Court, Case N. 12
                                  TRC 01945



JUDGMENT:                         Affirmed




DATE OF JUDGMENT:                 July 29, 2013




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

TRICIA M. MOORE                           ROBERT E. CALESARIC
Assistant Law Director                    35 South Park Place, Suite 150
40 W. Main Street                         Newark, OH 43055
Newark, OH 43055

*Baldwin, J.*

{¶1} Appellant Catherine Fetter appeals a judgment of the Licking County Municipal Court convicting her of operating a motor vehicle with a prohibited breath-alcohol content (R.C. 4511.19(A)(1)(d)) and driving outside marked lanes (R.C. 4511.33). Appellee is the State of Ohio.

## STATEMENT OF FACTS AND CASE

{¶2} On February 27, 2012, Trooper Jermaine Thaxton was on routine patrol, working the night shift in Newark, Ohio. He observed a vehicle operated by appellant travel outside her marked lane of travel at 2:49 a.m. After stopping the vehicle and approaching the driver's side of the car, Tpr. Thaxton noticed an odor of alcohol about appellant. He also noted that her eyes were glassy and bloodshot. Tpr. Thaxton removed appellant from the car and from proximity to her passenger, and he then specifically noted that appellant had an odor of alcohol on her breath.

{¶3} After administering field sobriety tests, appellant was arrested for operating a motor vehicle under the influence of alcohol and taken to the Granville post of the Ohio State Highway Patrol. She submitted to a breath test and the result was .094 grams of alcohol per 210 liters of breath, above the legal limit.

{¶4} Appellant was charged with operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) and (d), and driving outside marked lines in violation of R.C. 4511.33. Appellant moved to suppress the results of the breath alcohol test. The motion to suppress was overruled.

{¶5} The case proceeded to jury trial on November 8, 2012. Prior to the start of trial, the State dismissed the charge of a violation of R.C. 4511.19(A)(1)(a). The jury

found appellant guilty of operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(d). Appellant entered a plea of no contest to driving outside marked lanes. She was fined $375.00, and sentenced to thirty days incarceration with 27 days suspended and placed on probation for one year for operating a motor vehicle under the influence of alcohol. She was fined $15.00 for the marked lanes violation. She assigns two errors on appeal:

{¶6} "I. ADMISSION OF MS. FETTER'S BREATH TEST RESULT AT TRIAL VIOLATED HER SIXTH AMENDMENT RIGHT TO CONFRONT THE WITNESSES AGAINST HER.

{¶7} "II. THE TRIAL COURT COMMITTED ERROR BY FINDING THAT THE STATE ESTABLISHED SUBSTANTIAL COMPLIANCE WITH THE OHIO DEPARTMENT OF HEALTH ADMINISTRATIVE REGULATIONS AND R.C. 4511.19 ET AL."

I.

{¶8} Appellant argues in her first assignment of error that admission of her breath test result at trial violated her sixth amendment right to confront the witnesses against her. She makes three arguments in this assignment of error: she was denied her right of confrontation because Tpr. Thaxton had no personal knowledge of the inner workings of the BAC machine nor was he an expert in the operation of the machine, the court limited her cross-examination of Tpr. Thaxton on the inner workings of the machine, and she was unable to introduce evidence at trial of the pre and post calibration checks of the machine.

{¶9} Appellant's claimed errors all relate to her attempts to attack the general reliability of the BAC machine, rather than her specific test results.

{¶10} The admissibility of breath-test results turns on the test's substantial compliance with ODH regulations, not compliance with the Constitution. *City of Columbus v. Aleshire*, 187 Ohio App. 3d, 660, 993 N.E.2d 317, 2010-Ohio-2773, paragraph 14, citing *State v. French*, 72 Ohio St. 3d 446, 451, 650 N.E.2d 887 (1995). At trial, the accused may not make a general attack on the reliability and validity of the breath testing instrument. *Id.* at paragraph 13, citing *State v. Vega*, 12 Ohio St. 3d 185, 190, 465 N.E.2d 1303 (1984). However, he may challenge the accuracy of his specific test result. *Columbus v. Day*, 24 Ohio App.3d 173, 174, 24 OBR 263, 493 N.E.2d 1002 (1985). Thus, the accused may attempt to show that something went wrong with his test and consequently, the result was at variance with what the approved testing procedure should have produced. *Id.*

{¶11} Appellant claims error in the court precluding her from cross-examining Tpr. Thaxton on the inner workings of the BAC machine and excluding her evidence of calibration testing on the machine. These attacks are to the general reliability and validity of the breath testing instrument, and not to her specific test result. Appellant is not permitted to make a general attack on the reliability of the breath testing instrument, and the court therefore did not err in limiting cross-examination and presentation of evidence to only specific attacks on appellant's test result.

{¶12} The first assignment of error is overruled.

II.

{¶13}   Appellant argues that the court erred in failing to suppress the results of the BAC test because the affidavit of the officer who performed the pre and post calibration checks is inaccurate in its dates, and therefore cannot serve as proof of substantial compliance with Ohio Department of Health Regulations.

{*¶14*}   There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141(1991); *State v. Guysinger*, 86 Ohio App.3d 592, 621 N.E.2d 726(1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams*, 86 Ohio App.3d 37, 619 N.E.2d 1141 (1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 641 N.E.2d 1172 (1994); *State v. Claytor*, 85 Ohio App.3d 623, 620 N.E.2d 906 (1993); *Guysinger, supra.*

{¶15} R.C. 4511.19(D) requires that the analysis of bodily substances be conducted in accordance with methods approved by the Ohio Director of Health, as set forth in the Ohio Administrative Code regulations. The Ohio Supreme Court has held that absent a showing of prejudice by the defendant, rigid compliance with ODH regulations is not required, as such compliance is not always humanly or realistically possible. *State v. Plummer*, 22 Ohio St.3d 292, 294, 490 N.E.2d 902 (1986); *State v. Raleigh*, 5th Dist. No.2007-CA-31, 2007-Ohio-5515, at ¶ 40. Rather, if the state shows substantial compliance with the regulations, alcohol tests results are admissible in a prosecution under R.C. 4511.19. *Plummer*, *supra* at syllabus.

{¶16} Appellant argues that the dates in the affidavits concerning the pre and post calibration tests were clearly inaccurate, and no testimony was presented to correct the error in the dates. Regarding the pre-calibration check, the instrument check form states that the test date was February 27, 2012, the date of the prior check was February 20, 2012, the date of first use was January 1, 2012, the date to discard was April 2, 2012, and the expiration date was August 23, 2012. The addendum to this form is an affidavit of Tpr. Eitel, who performed the calibration check. The affidavit states, "Specifically, I used the check solution indicated on this form, which was within three months of its date of first use, to wit: 01-02-12, within one year of its manufacture, to-wit: 04-02-12, and before any manufacturer's expiration date, to-wit: 08-23-12."

{¶17} Similarly, the form from the March 5, 2012, calibration check states that the date of the prior instrument check was February 27, 2012, the date of first use was March 5, 2012, the date to discard was June 5, 2012, and the expiration date was August 23, 2012. The addendum is an affidavit of Tpr. Epler who performed the check,

stating, "Specifically, I used the check solution indicated on this form, which was within three months of its date of first use, to wit: 3-5-12, within one year of its manufacture, to-wit: 6-5-12, and before any manufacturer's expiration date, to-wit: 08-23-12."

{¶18} While appellant argues that the dates on the form must be inaccurate because the date of manufacture as stated in the affidavit is after the date of the calibration test, by reading the test check form and the affidavits they are attached to together, it is apparent that the officers interpreted the language "within one year of its manufacture, to-wit" to refer to a date one year after the manufacture date, not the date of manufacture. While the wording of the affidavit is awkward, the affidavits coupled with the check test forms are sufficient to establish substantial compliance with Department of Health regulations.

{¶19} The second assignment of error is overruled.

{¶20}   The judgment of the Licking County Municipal Court is affirmed.   Costs assessed to appellant.

By:  Baldwin, J.

Hoffman, P. J. and

Delaney, J. concur.


_____
HON. CRAIG R. BALDWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY


CRB/rad

[Cite as *State v. Fetter*, 2013-Ohio-3328.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CATHERINE FETTER | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. 12-CA-94 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court, Ohio is affirmed. Costs assessed to appellant.

_____
HON. CRAIG R. BALDWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY