[Cite as *State v. Forbes*, 2014-Ohio-67.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| | | **CASE NO. 2012-P-0150** |
| - vs - | : | |
| THOMAS A. FORBES, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Portage County Municipal Court, Ravenna Division, Case No. R2012 TRC 06461

Judgment: Reversed and Remanded.

*Victor V. Vigluicci,* Portage County Prosecutor, *Pamela J. Holder*, Assistant Prosecutor, and *Kristina Drnjevich*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH  44266  (For Plaintiff-Appellant).

*Hector G. Martinez, Jr.,* 526 Superior Avenue, East, 545 The Leader Building, Cleveland, OH  44114 (For Defendant-Appellee).


COLLEEN MARY O'TOOLE, J.

{¶1}   The State of Ohio appeals from the November 8, 2012 judgment entry of the Portage County Municipal Court, Ravenna Division, granting Thomas A. Forbes' combined motion to suppress and motion in limine in a drunken driving case.  The motion was directed against the admissibility of breath test results from the Intoxilyzer 8000.  We reverse and remand.

**{¶2}** May 18, 2012, just after 2:00 a.m., Mr. Forbes was stopped on State Route 59 by Ohio State Highway Patrol Trooper J.J. Sweitzer, for speeding. Eventually, Trooper Sweitzer issued Mr. Forbes a ticket for operating his vehicle under the influence of alcohol, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(a) and (d), and speeding, a minor misdemeanor, in violation of R.C. 4511.21. A breath test done with the Intoxilyzer 8000 indicated he had a blood alcohol concentration of 0.109. Mr. Forbes pleaded not guilty to all charges.

**{¶3}** September 25, 2012, Mr. Forbes moved to suppress and in limine, raising the issue of whether the Intoxilyzer 8000 provides scientifically reliable results. Hearing was held November 7, 2012. The state declined to present any evidence that the Intoxilyzer 8000 is reliable; and, pursuant to its prior decision in *State v. Johnson*, Portage County M.C. No. R 2011 TRC 4090 (Jan. 6, 2012), *rev'd*, 11th Dist. No. 2012-P-0008, 2013-Ohio-440,[1] the trial court granted the combined motion to suppress and in limine. November 9, 2012, the state certified that, without the results from Mr. Forbes' Intoxilyzer 8000 test, its case was too weak to proceed. Crim.R. 12(K); R.C. 2945.67(A). That same day, the state noticed appeal. November 13, 2012, the trial court stayed execution of its judgment pending the outcome of this appeal.

**{¶4}** Initially, we must consider whether the judgment entry appealed is final, and thus within this court's jurisdiction. Motions to suppress are final and appealable; motions in limine are preliminary and interlocutory. In this case, a combined motion was filed with the trial court, and the trial court's judgment entry appears to grant the motion on proper grounds for suppression, as well as for limiting evidence. In the recent case

---

1. The opinion of this court reversing the trial court was filed February 8, 2013.

of *State v. Pizzino*, 11th Dist. Portage Nos. 2012-P-0079 and 2012-P-0080, ¶10-12, this court held:

{**¶5**} "'The purpose and effect of a motion to suppress and a motion *in limine* are distinct.' *State v. French*, 72 Ohio St.3d 446, 449, * * * (1995). A 'motion to suppress' is a '(d)evice used to eliminate from the trial of a criminal case evidence which has been secured illegally, generally in violation' of a constitutional right. *Id.*, citing Black's Law Dictionary (6 Ed.1990) 1014. '(T)he ruling of the court at the suppression hearing prevails at trial and is, therefore, automatically appealable by the state.' *Id.*, citing R.C. 2945.67(A) and (former) Crim.R. 12(J).

{**¶6**} "In contrast, a 'motion *in limine*' is a motion 'which is usually made before or after the beginning of a jury trial for a protective order against prejudicial questions and statements (* * *) to avoid injection into trial of matters which are irrelevant, inadmissible and prejudicial.' (Citation omitted.) *State v. Grubb*, 28 Ohio St.3d 199, 200, * * * (1986). In ruling on a motion in limine, 'the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Finality does not attach when the motion is granted.' (Citation omitted.) *Defiance v. Kretz*, 60 Ohio St.3d 1, 4, * * * (1991).

{**¶7**} "The Ohio Supreme Court has held that '(a)ny motion, however labeled, which, if granted, restricts the state in the presentation of certain evidence and, thereby, renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed, is, in effect, a motion to suppress. The granting of such a motion is a final order and may be appealed pursuant to R.C. 2945.67 and Crim.R. 12(J) (now (K)).' *State v. Davidson*, 17 Ohio

3

St.3d 132, * * * (1985), syllabus. Accordingly, '(a) pretrial challenge to a breathalyzer test, if granted, destroys the state's case under (former) R.C. 4511.19(A)(3) (prohibited breath alcohol concentration), and the state is permitted to appeal pursuant to R.C. 2945.67 and Crim.R. 12((K)(2)).' *Defiance* at 4." (Parallel citations omitted.)

{¶8} A similar analysis applies to this case. The judgment of the trial court is final and appealable. Consequently, we proceed to the state's sole assignment of error:

{¶9} "The Portage County Municipal Court erred as a matter of law by permitting a general attack on the scientific reliability of the Intoxilyzer 8000 contrary to Ohio statutes and well-established case law."

{¶10} Our en banc decision in *State v. Bergman*, 11th Dist. Portage No. 2012-P-0124, 2013-Ohio-3073 is binding precedent on this point.[2] In the divided opinion issued July 15, 2013, this court affirmed the decision of the trial court refusing to admit the results of a test administered via the Intoxilyzer 8000 without evidence from the state regarding the machine's reliability, as violating the substantive due process rights of the defendant. *Id.* at ¶38. On July 18, 2013, a majority of this court decided, sua sponte, to convene en banc to resolve the intradistrict conflict existing between the opinion and judgment in *Bergman*, and other decisions of this court. Pursuant to the en banc decision in *Bergman*, the state's assignment of error has merit.

---

**2. This writer personally adheres to her dissent in the en banc decision.**

4

{¶11} In accordance with the foregoing, the judgment of the Portage County Municipal Court, Ravenna Division, is reversed, and this matter is remanded for further proceedings. It is the further order of this court that appellee is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.

DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.