[Cite as *State v. Titmas*, 2014-Ohio-66.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NOS. 2012-P-0148 and 2012-P-0149** |
| JAKE R. TITMAS, | : | |
| Defendant-Appellee. | : | |

Criminal Appeals from the Portage County Municipal Court, Ravenna Division, Case Nos. R2012 TRC 04381 and R2012 CRB 00909.

Judgment: Reversed and Remanded.

*Victor V. Vigluicci,* Portage County Prosecutor, *Kristina Drnjevich,* Assistant Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellant).

*Peter T. Cahoon* and *Joshua D. Nolan,* Buckingham, Doolittle & Burroughs, L.L.P., 3800 Embassy Parkway, Suite 300, Akron, OH 44333 (For Defendant-Appellee).

COLLEEN MARY O'TOOLE, J.

{¶1}  The State of Ohio appeals from the November 6, 2012 judgment entry of the Portage County Municipal Court, Ravenna Division, granting Jake R. Titmas' motion to suppress and in limine in a drunken driving case.  The motion was directed against the admissibility of breath test results from the Intoxilyzer 8000.  We reverse and remand.

{¶2}   In the early hours of April 6, 2012, Mr. Titmas was stopped on State Route 59 by Ohio State Highway Patrol Officer Lamm for speeding.  Eventually, the officer issued Mr. Titmas a ticket for operating his vehicle under the influence of alcohol, a misdemeanor of the first degree, in violation of R.C. 4511.19(B)(3), speeding, a minor misdemeanor, in violation of R.C. 4511.21, and failure to wear a seatbelt, a violation of R.C. 4513.263.  A breath test done with the Intoxilyzer 8000 indicated he had a blood alcohol concentration of .065.  Mr. Titmas pleaded not guilty to all charges.

{¶3}   September 25, 2012, Mr. Titmas moved to suppress and in limine, raising the issue of whether the Intoxilyzer 8000 provides scientifically reliable results.  Hearing was held November 6, 2012.  The state declined to present any evidence that the Intoxilyzer 8000 is reliable; and, pursuant to its prior decision in *State v. Johnson*, Portage County M.C. No. R 2011 TRC 4090 (Jan. 6, 2012), *rev'd*, 11th Dist. Portage No. 2012-P-0008, 2013-Ohio-440,[1] the trial court granted the motion to suppress and in limine.   November 7, 2012, the state certified that, without the results from the Intoxilyzer 8000 test, its case was too weak to proceed.   Crim.R. 12(K); R.C. 2945.67(A).  That same day, the state noticed appeal.  November 9, 2012, the trial court stayed execution of its judgment pending the outcome of this appeal.

{¶4}   Initially, we must consider whether the judgment entry appealed is final, and thus within this court's jurisdiction.  Motions to suppress are final and appealable; motions in limine are preliminary and interlocutory.  In this case, a combined motion was filed with the trial court, and the trial court's judgment entry appears to grant the motion on proper grounds for suppression, as well as for limiting evidence.  In the recent case

---

1. The opinion of this court reversing the trial court was filed February 8, 2013.

of *State v. Pizzino*, 11th Dist. Portage Nos. 2012-P-0079 and 2012-P-0080, ¶10-12, this court held:

{¶5} "'The purpose and effect of a motion to suppress and a motion *in limine* are distinct.' *State v. French*, 72 Ohio St.3d 446, 449, * * * (1995). A 'motion to suppress' is a '(d)evice used to eliminate from the trial of a criminal case evidence which has been secured illegally, generally in violation' of a constitutional right. *Id.*, citing Black's Law Dictionary (6 Ed.1990) 1014. '(T)he ruling of the court at the suppression hearing prevails at trial and is, therefore, automatically appealable by the state.' *Id.*, citing R.C. 2945.67(A) and (former) Crim.R. 12(J).

{¶6} "In contrast, a 'motion *in limine*' is a motion 'which is usually made before or after the beginning of a jury trial for a protective order against prejudicial questions and statements (* * *) to avoid injection into trial of matters which are irrelevant, inadmissible and prejudicial.' (Citation omitted.) *State v. Grubb*, 28 Ohio St.3d 199, 200, * * * (1986). In ruling on a motion in limine, 'the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Finality does not attach when the motion is granted.' (Citation omitted.) *Defiance v. Kretz*, 60 Ohio St.3d 1, 4, * * * (1991).

{¶7} "The Ohio Supreme Court has held that '(a)ny motion, however labeled, which, if granted, restricts the state in the presentation of certain evidence and, thereby, renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed, is, in effect, a motion to suppress. The granting of such a motion is a final order and may be appealed pursuant to R.C. 2945.67 and Crim. R.12(J) (now (K)).' *State v. Davidson*, 17 Ohio

3

St.3d 132, * * * (1985), syllabus. Accordingly, '(a) pretrial challenge to a breathalyzer test, if granted, destroys the state's case under (former) R.C. 4511.19(A)(3) (prohibited breath alcohol concentration), and the state is permitted to appeal pursuant to R.C. 2945.67 and Crim. R. 12((K)(2)).' *Defiance* at 4." (Parallel citations omitted.)

{¶8} A similar analysis applies to this case. The judgment of the trial court is final and appealable. The state assigns a single error:

{¶9} "The Portage County Municipal Court erred as a matter of law by permitting a general attack on the scientific reliability of the Intoxilyzer 8000 contrary to Ohio statutes and well-established case law."

{¶10} Mr. Titmas presents two cross assignments of error. They read:

{¶11} "[1.] Even if this Court were to decided (sic) that the trial court erred in granting Titmas' motion to suppress because the State did not submit any evidence of the general reliability of the Intoxilyzer 8000, Titmas' motion properly raised specific challenges to the testing procedures and to the specific test results, placing the burden on the State to produce evidence of substantial compliance. And the State's failure to present any rebuttal evidence required the trial court to exclude Titmas' test results.

{¶12} "[2.] The trial court properly required the State to produce evidence of the Intoxlyzer 8000 (sic) reliability to respond to Titmas' motion in limine and to suppress. The court's gatekeeper functions are not limited by *Vega*, applicable statutes and regulations regarding the Intoxilyzer 8000."

{¶13} Our en banc decision in *State v. Bergman*, 11th Dist. Portage No. 2012-P-0124, 2013-Ohio-3073 is binding precedent on the state's assignment of error, and Mr. Titmas' second cross assignment of error.[2] In the divided opinion issued July 15, 2013, this court affirmed the decision of the trial court refusing to admit the results of a test administered via the Intoxilyzer 8000 without evidence from the state regarding the machine's reliability, as violating the substantive due process rights of the defendant. *Id.* at ¶38. On July 18, 2013, a majority of this court decided, sua sponte, to convene en banc to resolve the intradistrict conflict existing between the opinion and judgment in *Bergman*, and other decisions of this court. Pursuant to the en banc decision in *Bergman*, the state's assignment of error has merit, and the second cross assignment of error lacks merit.

{¶14} By his motion in the trial court, Mr. Titmas raised detailed and specific objections to the particular procedures and test results in his case. The trial court did not reach these issues in rendering judgment. Consequently, on remand, the trial court must hold further hearing to determine the validity of these objections, and allow the state to respond. *State v. Hobson*, 11th Dist. Portage No. 2012-P-0110, 2013-Ohio-740, ¶14-17. To this extent, therefore, Mr. Titmas' first cross assignment of error has merit.

---

2. **This writer personally adheres to her dissent in the en banc decision.**

{¶15} In accordance with the foregoing, the judgment of the Portage County Municipal Court, Ravenna Division, is reversed, and this matter is remanded for further proceedings consistent with this opinion.  It is the further order of this court that appellant and appellee are assessed equally costs herein taxed.  The court finds there were reasonable grounds for this appeal.

DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.