{¶ 1} Defendant-appellant, Gregory Neal, was indicted on one count of theft and one count of possessing criminal tools. He entered not guilty pleas, waived his right to a jury, and the case proceeded to a bench trial.
 {¶ 2} Jason Joeright testified at trial that on August 3, 2006, as he and several co-workers rounded the corner of the alley that leads to the back entrance of their employer's building, they saw a man pushing a generator down the alley. Because of prior thefts in the area, one of Joeright's co-workers jumped out of the truck they were riding in and ran into the back entrance of Sutton's Hardware to find out if the store was missing a generator. Joeright drove around the block to the front of Sutton's Hardware, where he saw Cleveland police officer Terry Hageman in his cruiser and yelled to him that someone was stealing a generator from the hardware store around the corner. Joeright then drove around the corner, where he saw two men trying to load a generator into the back of a pickup truck. Joeright identified Neal as one of the men he saw that day.
 {¶ 3} Officer Hageman, who immediately headed to the alley after Joeright advised him of the attempted theft, testified that as he turned the corner, he saw a gray truck parked at a 45-degree angle to the curb and two men, who appeared to be trying to lift something, crouched behind it. He testified further that as he pulled up to the truck, one of the men began walking down the street, while the other man, later identified as Neal, got in the truck, started it up, and began driving away. *Page 4 
Officer Hageman pulled his cruiser in front of Neal, who then tried to back up, but was blocked from doing so by the cars behind him. Officer Hageman then drew his gun and ordered both men to stop. After the men were handcuffed, Officer Hageman observed a DeWalt generator behind the truck.
 {¶ 4} Todd Votaw, owner of Sutton's Hardware, identified the DeWalt generator as from his store. He testified that generators are stored near the store's back door, which leads to the alley, and that the back door is accessible to customers. He verified that no one at Sutton's had given anyone permission to take the generator on August 3, 2006, and that no one had sold or rented the generator to anyone that day.
 {¶ 5} Neal denied any involvement in the theft. He testified that he is a self-employed landscaper and had gone to Sutton's that day to buy a nut and bolt for his lawnmower. According to Neal, as he proceeded down the alley after making his purchase, he was flagged down by a man who told him that he would give him a few dollars for a ride. Neal testified that before he could respond to the man's request, a police officer pulled in front of him, got out of his car, pulled his gun out, and told both men to "get up against the wall." Neal testified that he never saw a generator until after he was handcuffed.
 {¶ 6} The trial court found Neal guilty of both counts as charged in the indictment and sentenced him to six months incarceration and three years community control. Neal now appeals. *Page 5 
 {¶ 7} In his second and third assignments of error, Neal contends that his right to confront the witnesses against him was violated when the trial court admitted "numerous instances of testimonial hearsay" against him. Specifically, Neal objects to Detective Scott's testimony that Raphael McNary, the other male apprehended at the scene, told Scott that he flagged down Neal and asked him for help transporting the generator. Neal complains that this testimony, which obviously contradicted his version of the events that day, violated his right to confront the witnesses against him, because McNary did not testify at trial and thus was not subject to cross-examination. Neal also complains that Detective Scott impermissibly testified about what Officer Hageman and Votaw told him during his investigation.
 {¶ 8} The Sixth Amendment's Confrontation Clause provides that, "in all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him." This bedrock guarantee applies to both federal and state prosecutions. State v. Allen, Cuyahoga App. No. 82556, 2004-Ohio-3111, at T|16, citing Tennessee v. Street
(1985), 471 U.S. 409, 413-14, 85 L.Ed.2d 425, 105 S.Ct. 2078.
 {¶ 9} In Crawford v. Washington (2004), 541 U.S. 36, 158 L.Ed.2d 177,124 S.Ct. 1354, the United States Supreme Court reinterpreted Sixth Amendment doctrine "to reflect more accurately the original understanding of the [Confrontation] Clause." Id. at 60. The Supreme Court determined that the Clause's predominant objective is to prevent the admission of "testimonial" statements against criminal *Page 6 
defendants who never had an opportunity to cross-examine the declarant. Id. at 69-70. Although the Court declined to spell out a comprehensive definition of "testimonial," it held that such statements included, at a minimum, prior testimony at a preliminary hearing, before a grand jury, or at a former trial, and statements taken by police officers in the course of interrogations. Id. at 68.
 {¶ 10} Here, although Detective Scott testified about what Officer Hageman and Votaw told him during his investigation, both Officer Hageman and Votaw testified at trial and were available for cross-examination by Neal. Accordingly, we find no violation of Neal's confrontation rights regarding this part of Detective Scott's testimony.
 {¶ 11} Neal's complaint regarding Detective Scott's testimony about what McNary told him cannot be so easily disposed of, as McNary did not testify at trial. Nevertheless, in a bench trial, the trial judge acts as the trier-of-fact, and, unless it affirmatively appears to the contrary, a reviewing court will presume that the trial court acted impartially and considered only properly admitted evidence. Columbus v.Guthmann (1963), 175 Ohio St. 282, paragraph three of the syllabus; see, also, State v. Post (1987), 32 Ohio St.3d 380, 384; State v. White
(1968), 15 Ohio St.2d 146, 151. Here, there is sufficient evidence other than the inadmissible evidence that, if believed, would sustain the verdict and no indication that the judge was influenced by or considered the inadmissible evidence in arriving at his verdict; hence, we find no prejudicial error. *Page 7 
 {¶ 12} The same principle applies to Neal's objection to Detective Scott's testimony that Neal was driving that day with a suspended license. There is sufficient other evidence in the record to support the verdict and nothing in the record which indicates that the trial judge considered this admittedly improper evidence.
 {¶ 13} Neal next complains that he was denied his right to a fair trial because the trial judge "ordered that no closing arguments would be heard." The record reflects that after the defense rested its case, the trial judge told defense counsel:
 {¶ 14} "All right. Look, I'm going to do as follows: I know you are chomping at the bit to make a closing argument, but your Rule 29 was practically a closing argument. I'll go over my notes, look at the exhibits, and I'll announce my verdict Tuesday of next week * * *."
 {¶ 15} The prosecutor asked, "[y]ou don't need any closing argument from the State?" to which the trial court responded, "[n]o."
 {¶ 16} We read the judge's statement as indicating that closing statements were not necessary, not that they absolutely would not be allowed. Nevertheless, it is likely that in light of the court's statement, defense counsel felt pressure to waive closing argument, even if he did not want to do so. The better practice would have been for the trial judge to ask counsel if he wanted to make a closing argument. However, since closing argument is just that-argument-and not evidence, we find no *Page 8 
prejudicial error, as the lack of closing argument did not deny Neal an opportunity to present evidence in his defense.
 {¶ 17} Appellant's second and third assignments of error are overruled.
 {¶ 18} In his fourth assignment of error, Neal complains that the prosecutor's misconduct during trial denied him a fair trial. He first contends that the prosecutor knowingly elicited inadmissible hearsay from Detective Scott about his investigation, including the admission by McNary. We agree that the prosecutor's questions to Detective Scott about what McNary told him were designed to elicit inadmissible hearsay, but find no prejudicial error, because this was a bench trial and we presume the trial judge considered only properly admitted evidence.
 {¶ 19} Neal also complains about the prosecutor's "misconduct" in asking Officer Hageman and Detective Scott whether they were telling the truth, which Neal characterizes as "a desperate attempt to unfairly bolster the believability of his witnesses."
 {¶ 20} It is improper for a prosecutor to express his or her personal belief or opinion as to the credibility of a witness or as to the guilt of the accused. State v. Williams, 79 Ohio St.3d 1, 12, 1997-Ohio-407. The credibility of a witness is to be determined by the trier-of-fact.State v. Graham (May 6, 1993), Cuyahoga App. No. 62471. Here, the prosecutor's questions to the State's witnesses about whether they were telling the truth in no way expressed the prosecutor's personal belief about the witnesses' veracity. They merely allowed the trier-of-fact to reach its own *Page 9 
conclusion, in light of the witness's response, as to the veracity of the witness. Defense counsel apparently understood the strategy: he specifically asked Neal during his testimony, "[y]ou are telling the truth here today? You never saw a generator?" Appellant's fourth assignment of error is overruled.
 {¶ 21} Neal also argues that he was denied his right to effective assistance of counsel, because his trial counsel did not object to the prosecutor's alleged misconduct, the inadmissible hearsay, the unfairly prejudicial testimony, and the court's ruling that closing argument was not necessary.
 {¶ 22} To reverse a conviction for ineffective assistance of counsel, the defendant must prove that counsel's performance fell below an objective standard of reasonableness and the defendant was prejudiced thereby. Strickland v. Washington (1984), 466 U.S. 668, 687-688,80 L.Ed.2d 674, 104 S.Ct. 2052. The test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." State v. Hester (1976), 45 Ohio St.2d 71, paragraph four of the syllabus; see, also, State v. Lytle (1976), 48 Ohio St.2d 391, vacated on other grounds, Lytle v. Ohio (1978), 438 U.S. 910, 57 L.Ed.2d 1154,98 S.Ct. 3134.
 {¶ 23} In light of our discussion above, we find no ineffective assistance of counsel. This was a bench trial and there is nothing in the record to indicate that Neal was prejudiced by defense counsel's failure to object. Appellant's first assignment of error is therefore overruled. *Page 10 
 {¶ 24} Finally, Neal contends that his convictions were against the manifest weight of the evidence. A manifest weight challenge questions whether the State has met its burden of persuasion. State v.Thompkins (1997), 78 Ohio St.3d 380, 390. When considering appellant's claim that the conviction is against the weight of the evidence, a reviewing court sits essentially as a "thirteenth juror." Id. We examine the record, weigh the evidence, consider the credibility of the witnesses, and determine whether the jury "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. at 387.
 {¶ 25} Neal contends that State's theory of the case "made no sense," because the evidence showed that his truck was full of equipment and its tailgate was up and, thus, there would have been no room in his truck for the generator. Therefore, he argues, the jury lost its way in convicting him. We disagree.
 {¶ 26} Joeright testified that he saw Neal and another man attempting to lift a generator into Neal's truck. Likewise, Officer Hageman testified that he saw Neal and McNary behind Neal's truck, crouched down and attempting to lift something heavy into the truck. After the men were arrested, Officer Hageman found a generator behind Neal's truck. The owner of Sutton's Hardware identified the generator as from his store and testified that no one had sold or rented the generator to anyone that day. In light of this evidence, Neal's convictions for theft and *Page 11 
possession of criminal tools (the truck) were not against the manifest weight of the evidence.
 {¶ 27} Appellant's fifth assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1